**IN THE FEDERAL DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BENJAMIN WHITE** : | |
| 20237 Shipley Terrace, Apt. 301 : | |
| Germantown, MD 20874 : | Case No.: 8:22-cv-01122 |
| Montgomery County, MD : | |
| United States of America : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **MATE.BIKE INTERNATIONAL ApS** : | |
| Landemærket 29, 1. : | |
| 1119 København K : | |
| Denmark : | |
| : | |
| Defendant : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# COMPLAINT

COMES NOW Plaintiff, Benjamin White, by and through his undersigned counsel, Jacob B. Bradshaw, Esq., of Koonz McKenney Johnson & DePaolis, and sues Defendant, Mate.Bike International ApS (hereinafter "Defendant") based upon the following assertions:

## I. THE PARTIES

1.  Plaintiff is an adult resident of the State of Maryland.

2.  Defendant is a foreign company organized and principally officed in Denmark.

3.  Defendant is engaged in the business of designing, manufacturing, producing, distributing, and selling electric bicycles ("e-bikes") to markets around the world, including to customers in the State of Maryland and other jurisdiction in the United States.

4. Upon information and belief, prior to May 17, 2021, Defendant was an "entrepreneurial limited company" under Danish law and known as "Mate.Bike International IVS".

5. Upon information and belief, on May 17, 2021, Defendant became a "private limited company" under Danish law and assumed its current name of "Mate.Bike International ApS", but notwithstanding the change in name and company type, Defendant remains the same entity for the purposes of defending against Plaintiff's claim in this action.

6. Upon information and belief, the debts, liabilities and obligations of Mate.Bike International IVS with respect to Plaintiff's claims in this case have been assumed by, survive within, and are held and possessed by Defendant.

7. With respect to events occurring prior to Defendant's name change, "Defendant" shall refer to Mate.Bike International IVS, and with respect to events occurring subsequent to Defendant's name change, "Defendant" shall refer to Mate.Bike International ApS.

## II. BASIS FOR JURISDICTION & VENUE

8. The District Court of Maryland has subject matter jurisdiction over Defendant pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, and Plaintiff is a citizen of the United States whereas Defendant is a citizen of Denmark.

9. This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A), because Defendant maintains sufficient contacts with the State of Maryland such that a Maryland state court could exercise personal jurisdiction over Defendant consistent with both the U.S. Constitution's guarantee of due process and the reach of the Maryland Long Arm statute, MD Code, Courts and Judicial Proceedings, § 6-103.

10. Defendant purposefully availed itself of the privilege of conducting activities within the State of Maryland by regularly selling e-bikes to customers in Maryland, including Mate.X model e-bikes such as the e-bike that injured Plaintiff.

11. Plaintiff's claims arise from Defendant's sale and delivery of a dangerously defective Mate.X e-bike to Plaintiff in Maryland and the subsequent structural failure of the e-bike while Plaintiff was riding on it in Maryland, resulting in personal injury to Plaintiff in Maryland.

### III. FACTUAL BACKGROUND

12. On or about March 30, 2020, Plaintiff purchased a Mate.X e-bike (hereinafter "the e-bike") from Defendant through its website, for delivery to Plaintiff in Maryland. Plaintiff paid $2,199.00 to Defendant for the e-bike.

13. Plaintiff received the e-bike in Maryland in May of 2020.

14. Upon information and belief, there was no damage to the e-bike at the time of receipt by Plaintiff.

15. Plaintiff properly assembled the e-bike in accordance with the instructions found in the manual provided with the e-bike.

16. Plaintiff rode on the e-bike without incident in April and May of 2020.

17. On or about June 15, 2020, at approximately 5:00 PM, Plaintiff was riding the e-bike on Observation Drive in Montgomery County, Maryland. He rode the e-bike off the sidewalk and down a small curb to the street. As the e-bike came off the curb, the front fork assembly snapped in half. The front of the e-bike collapsed downward and Plaintiff was thrown off the e-bike and onto the street.

3

18. Plaintiff suffered serious and permanent personal injuries as a result of the aforementioned incident, including past and future mental, emotional and physical pain and suffering, permanent physical impairment, permanent disfigurement, and past and future healthcare expenses. In addition, Plaintiff expended a considerable sum on the e-bike but received a defective product and is entitled to a return of his payment.

19. All of Plaintiff's injuries arising from the incident were directly and proximately caused by the negligence of Defendant and the unreasonably dangerous condition of the e-bike.

### IV. PLAINTIFF'S CLAIMS

### Count No. 1
### Breach of the Implied Warranty of Merchantability Under Maryland Law

20. Plaintiff adopts and incorporates all of the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

21. Pursuant to Md. Code, Commercial Law § 2-314(1), "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

22. Defendant sold the e-bike to Plaintiff for use as a recreational e-bike.

23. Defendant regularly deals in e-bikes of the kind that it sold to Plaintiff, and is therefore a "merchant" as defined by Md. Code, Commercial Law § 2-104(1).

24. By selling the e-bike to Plaintiff, Defendant impliedly warranted that the e-bike was fit for the ordinary purpose for which e-bikes are used, that it would pass without objection in the trade under the contract description (an e-bike), and that it was otherwise merchantable in accordance with MD Code, Commercial Law, § 2-314.

25. In reality, the e-bike was unfit for ordinary use as an e-bike, was unreasonably dangerous when put to such use, and would not pass without objection in the trade of e-bikes.

26. As used under the contract description, the e-bike was defective and unreasonably dangerous because, *inter alia*, the front fork was insufficiently durable and was prone to breakage during ordinary use of the e-bike.

27. Upon information and belief, the defect in the e-bike existed at the time it left Defendant's possession.

28. Due to the defective condition of the e-bike, the front fork broke while Plaintiff was riding on the e-bike, causing him to fall and suffer serious harm.

29. Plaintiff has endured and will continue to endure physical, mental and emotional pain and suffering because of his injuries.

30. Plaintiff has incurred and will continue to incur necessary healthcare expenses for treatment of his injuries.

31. Plaintiff spent a considerable sum to purchase the defective e-bike, and is entitled to a return of his payment.

32. Defendant has been unjustly enriched by its receipt of payment from Plaintiff for a defective and unreasonably dangerous product which failed to conform to the requirements of the implied warrants of merchantability.

33. Defendant directly and proximately caused all of Plaintiff's damages and losses by selling him an unreasonably dangerous and defective product in breach of the implied warranty of merchantability.

### Count No. 2
**Negligent Sale of Defective Product Under Maryland Law**

34. Plaintiff adopts and incorporates all of the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

35. Defendant had a duty of reasonable care to avoid selling defective and

unreasonably dangerous products to its customers, including Plaintiff.

36. Defendant knew or should have known that the e-bike that it sold to Plaintiff was defective and unreasonably dangerous.

37. Defendant breached its aforementioned duty of care by selling the e-bike to Plaintiff in its defective and unreasonably dangerous condition.

38. Upon information and belief, the defect in the e-bike existed at the time it left Defendant's possession.

39. Due to the defective and unreasonably dangerous condition of the e-bike, the front fork broke while Plaintiff was riding on the e-bike, causing Plaintiff to fall from the e-bike and suffer serious harm.

40. Plaintiff has endured and will continue to endure physical, mental and emotional pain and suffering because of his injuries.

41. Plaintiff has incurred and will continue to incur necessary healthcare expenses for treatment of his injuries.

42. Plaintiff spent a considerable sum to purchase the defective e-bike, and is entitled to a return of his payment.

43. Defendant has been unjustly enriched by its receipt of payment from Plaintiff for a defective and unreasonably dangerous product.

44. Defendant's negligent sale of the defective and unreasonably dangerous e-bike to Plaintiff directly and proximately caused all of Plaintiff's damages and losses claimed in this action.

### Count No. 3
### Negligent Design or Manufacture of Defective Product Under Maryland Law

45. Plaintiff adopts and incorporates all of the facts and allegations contained in the

preceding paragraphs as if fully set forth herein.

46. Defendant had a duty to exercise reasonable care to design and manufacture its e-bikes such that they were fit both for the ordinary purposes for which they were to be used, and for any reasonably foreseeable misuse that could cause injury.

47. Defendant manufactured and designed or participated in the manufacture and design of the e-bike that injured Plaintiff.

48. Defendant breached its duty of care by negligently designing or manufacturing the e-bike in such a manner that it was defective and unreasonably dangerous, due to the front fork being insufficiently durable and prone to breakage during ordinary use of the e-bike.

49. Upon information and belief, the defect in the e-bike existed at the time it left Defendant's possession.

50. Due to the defective and unreasonably dangerous condition of the e-bike, the front fork broke while Plaintiff was riding on the e-bike, causing Plaintiff to fall from the e-bike and suffer serious harm.

51. Plaintiff has endured and will continue to endure physical, mental and emotional pain and suffering because of his injuries.

52. Plaintiff has incurred and will continue to incur necessary healthcare expenses for treatment of his injuries.

53. Plaintiff spent a considerable sum to purchase the defective e-bike, and is entitled to a return of his payment.

54. Defendant has been unjustly enriched by its receipt of payment from Plaintiff for a defective and unreasonably dangerous product.

55. Defendant's negligent manufacture or design of the e-bike directly and

proximately caused all of Plaintiff's damages and losses claimed in this action.

## Count No. 4
### Strict Liability for Defective Product Under Maryland Law

56. Plaintiff adopts and incorporates all of the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

57. Defendant had a duty to sell products that were not unreasonably dangerous when used for their ordinary purposes.

58. Defendant breached its aforementioned duty by selling the e-bike to Plaintiff in a defective condition, such that it was unreasonably dangerous to Plaintiff.

59. At the time of sale, and continuing to the present, Defendant was and is engaged in the business of selling e-bikes, including "Mate.X" model e-bikes of the type sold to Plaintiff.

60. The e-bike reached Plaintiff without substantial change in its condition.

61. Due to the defective and unreasonably dangerous condition of the e-bike, the front fork broke while Plaintiff was riding on the e-bike, causing Plaintiff to fall from the e-bike and suffer serious harm.

62. Plaintiff has endured and will continue to endure physical, mental and emotional pain and suffering because of his injuries.

63. Plaintiff has incurred and will continue to incur necessary healthcare expenses for treatment of his injuries.

64. Plaintiff spent a considerable sum to purchase the defective e-bike, and is entitled to a return of his payment.

65. Defendant's sale of the e-bike in a defective and unreasonably dangerous condition directly and proximately caused all of Plaintiff's damages and losses claimed in this action.

## Count No. 5
**Strict Liability for Failure to Warn Under Maryland Law**

66. This count is asserted as an alternative theory of liability to Count No. 4.

67. The e-bike shipped to Plaintiff with instructions for its proper assembly.

68. Defendant had a duty to provide adequate warning and instruction as to the proper assembly of the e-bike, so as to prevent the e-bike from being unreasonably dangerous due to risk of improper assembly.

69. Defendant breached its aforementioned duty by negligently failing to give adequate warning and instruction as to the proper assembly of the e-bike, thereby rendering the e-bike unreasonably dangerous due to risk of improper assembly.

70. Plaintiff assembled the e-bike in accordance with the instructions provided by Defendant. Accordingly, in the event that Plaintiff assembled the e-bike improperly, it was the fault of Defendant for negligently failing to give adequate warning and instruction as to proper assembly.

71. Defendant knew, or by application of reasonable, developed human skill and foresight should have known, that the warnings and instructions that it provided with the e-bike were inadequate and therefore created an unreasonable risk that users would assemble the bike in an unsafe and dangerous manner.

72. Defendant's failure to provide adequate warning and instruction rendered the e-bike defective and unreasonably dangerous.

73. Plaintiff has endured and will continue to endure physical, mental and emotional pain and suffering because of his injuries.

74. Plaintiff has incurred and will continue to incur necessary healthcare expenses for treatment of his injuries.

75. Plaintiff spent a considerable sum to purchase the defective e-bike, and is entitled to a return of his payment.

76. Defendant has been unjustly enriched by its receipt of payment from Plaintiff for a product that, due to the absence of adequate warning and instruction, was defective and unreasonably dangerous.

77. Defendant's negligent failure to provide adequate warning and instruction as to the proper assembly of the e-bike directly and proximately caused all of Plaintiff's damages and losses claimed in this action.

## IX. P̲R̲A̲Y̲E̲R̲ ̲F̲O̲R̲ ̲R̲E̲L̲I̲E̲F̲

As remedy for his personal injuries and corresponding damages and losses, Plaintiff Benjamin White demands judgment against Defendant Mate.Bike International IVS in the amount of $1,000,000 in damages, for each and every count set forth in this Complaint, as well as post-judgment interest at the legal rate, the costs of this suit, and such other relief as the court deems just and proper.

## X. D̲E̲M̲A̲N̲D̲ ̲F̲O̲R̲ ̲J̲U̲R̲Y̲ ̲T̲R̲I̲A̲L̲

Plaintiff demands a jury trial in this action for all issues triable by jury.

Respectfully submitted,

*/s/*
Jacob B. Bradshaw, Esq.
Bar No. 24785
Koonz McKenney Johnson & DePaolis LLP
10300 Eaton Place, Suite 200
Fairfax, VA 22030
Phone/Fax: (202) 548-7918
E-mail: JBradshaw@koonz.com

*Counsel for Plaintiff*